IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| SHAUN P. RAYBORN, | No. 3:15-cv-01478-HZ |
| Plaintiff, | |
| v. | |
| COMMISSIONER, Social Security Administration, | OPINION & ORDER |
| Defendant. | |

Karen Stolzberg
11830 S.W. Kerr Parkway, #315
Lake Oswego, Oregon 97035

    Attorney for Plaintiff

Billy J. Williams
UNITED STATES ATTORNEY
District of Oregon
Janice E. Hebert
ASSISTANT UNITED STATES ATTORNEY
1000 S.W. Third Avenue, Suite 600
Portland, Oregon 97204-2902

/ / /

1 - OPINION & ORDER

Lars J. Nelson
SPECIAL ASSISTANT UNITED STATES ATTORNEY
Office of the General Counsel
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 221A
Seattle, Washington 98104-7075

      Attorneys for Defendant

HERNANDEZ, District Judge:

      Plaintiff Shaun Rayborn brought this action seeking review of the Commissioner's decision to deny his applications for disability insurance benefits (DIB) and supplemental security income (SSI). In a September 30, 2016 Opinion & Order, I reversed the Commissioner's decision, concluding that the Administrative Law Judge (ALJ) had denied Plaintiff due process at the January 2014 administrative hearing. I ordered that the case be remanded for a *de novo* hearing. Judgment was entered on September 30, 2016, and an Amended Judgment was filed October 4, 2016.

      Plaintiff now seeks an award of fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (EAJA). Defendant opposes the motion, arguing that the Commissioner's decision was substantially justified. Defendant also argues that Plaintiff's fee request is unreasonable. For the reasons explained below, I agree with Plaintiff on the substantial justification issue. Because I also conclude that the hours requested are reasonable, I award Plaintiff $12,338.39 in fees.

I. Substantially Justified

      EAJA requires an award of attorney's fees to prevailing parties in civil actions against the United States unless the position of the United States was substantially justified. 28 U.S.C. § 2412(d)(1)(A). There is no dispute that Plaintiff was the prevailing party.

2 - OPINION & ORDER

The burden is on the Commissioner to show that Defendant's position was substantially justified. *Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013). Although "Congress did not intend fee shifting [under EAJA] to be mandatory[,]" "EAJA creates a presumption that fees will be awarded to prevailing parties." *Flores v. Shalala*, 49 F.3d 562, 567 (9th Cir. 1995). However, the "government's failure to prevail does not raise a presumption that its position was not substantially justified." *Kali v. Bowen*, 854 F.2d 329, 332 (9th Cir 1988). To establish that its position was substantially justified, the government must show that its position had "a reasonable basis both in law and fact." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). "Substantial justif[ication]" means "justified in substance or in the main - that is, justified to a degree that could satisfy a reasonable person." *Id.*

The "position of the United States includes both the government's litigation position and the underlying agency action giving rise to the civil action." *Tobeler v. Colvin*, 749 F.3d 830, 832 (9th Cir. 2014) (internal quotation marks omitted); see also 28 U.S.C. § 2412(d)(2)(D) (the "'position of the United States' means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based"). "Thus, if the government's underlying position was not substantially justified, we must award fees and need not address whether the government's litigation position was justified." *Id.* (internal quotation marks and brackets omitted).

Defendant argues that its defense of this matter had a reasonable basis in fact and law. Before this Court, Defendant contended that the ALJ, in telling Plaintiff's counsel at the hearing that further questioning would not be helpful, was exercising his authority to control the presentation of evidence and prevent undue repetition by witnesses. *See* Def.'s Brief 4-7, ECF

3 - OPINION & ORDER

20. Defendant further contended that Plaintiff's counsel was to blame because she voluntarily ceased questioning in the face of the ALJ's statements that he did not want to hear "anything" and that more testimony would not be helpful. In opposing the EAJA fee request, Defendant returns to the notion that Plaintiff's counsel's discontinuation of questioning was the issue and contends it was reasonable for Defendant to assert that position before this Court. Because judges may express "impatience, dissatisfaction, annoyance, and even anger" without violating due process, *Liteky v. United States*, 510 U.S. 540, 555-56 (1994), Defendant argues that it had a reasonable basis in fact and law to assert that Plaintiff's counsel cut off questioning and that Plaintiff was accorded a full hearing.

Defendant makes no argument directly addressing whether the ALJ's position, *e.g.*, the underlying agency action giving rise to the civil action, was substantially justified. But, as indicated above, the position of the United States at both the agency level and the district court level must be substantially justified to deny an EAJA fee request.

My September 30, 2016 Opinion makes clear that the ALJ's statements at the hearing went beyond impatience, dissatisfaction, annoyance, or anger. Sept. 30, 2016 Op. 7-10. As explained in more detail in that Opinion, the ALJ may have initially limited his comments to those expressing impatience or annoyance, *id.* at 7-8, but, the ALJ continued and persisted in interrupting counsel by urging her to move along. *Id.* Then, he finally told counsel "'I don't want to hear anything.'" *Id.* at 8 (quoting Tr. 67). The ALJ recited everything he had already read and heard, including that already he knew what Plaintiff "says" and the reasons Plaintiff said he could not work. *Id.* He concluded his remarks by stating "'[i]f you want to perseverate on Mr. Rayborn's mental limitations, it's just not going to be helpful.'" *Id.* (quoting Tr. 67). I rejected

4 - OPINION & ORDER

Defendant's argument that given the previous hearing in the case, the ALJ was simply controlling the presentation of evidence. *Id.* at 9. Notably, Plaintiff's prior testimony was limited to only his work history. And, the lay witness testimony could not have presented the ALJ with a full picture of Plaintiff's condition because the ALJ himself rejected that testimony in part because the witness saw Plaintiff only a couple of hours per week. *Id.* Contrary to Defendant's argument, I found that the record established that the first and only time Plaintiff had an opportunity to discuss his impairments was at the January 2014 hearing.

I also rejected Defendant's contention that the record established that Plaintiff's counsel cut off questioning. I explained that the ALJ's conduct placed counsel in an untenable position. *Id.* at 9-10. I further noted that in the context of social security cases, where counsel appear repeatedly in front of the same judge, counsel face increased pressure to follow a judge's directive. *Id.* Thus, the transcript of the hearing showed that the ALJ was responsible for terminating the questioning, not counsel.

In the end, the record demonstrated that the ALJ prevented Plaintiff from continuing with testimony regarding his mental limitations at the only hearing where such testimony was being elicited. As a result, the ALJ violated Plaintiff's due process rights. Defendant's position at the underlying agency level was not substantially justified. *See Mendenhall v. Nat'l Transp. Safety Bd.*, 92 F.3d 871, 874 (9th Cir. 1996) ("A finding that an agency's position was substantially justified when the agency's position was based on violations of the Constitution, federal statute or the agency's own regulations, constitutes an abuse of discretion").

Additionally, the Commissioner's position in the litigation here was not based on a reasonable interpretation of the record. Defendant argues that the record unambiguously showed

that Plaintiff's counsel terminated questioning and thus, it was reasonable for Defendant to argue to this Court that the ALJ was simply exercising his right to control the evidentiary presentation. I agree with Defendant that the record was unambiguous, but for the reasons already discussed, I conclude that the record unambiguously established that the ALJ denied Plaintiff the opportunity to testify about his mental limitations. Thus, Defendant's litigation position was not substantially justified.

II. Amount of Fee Award

Plaintiff seeks $12,338.39 in fees. Pl.'s Reply Mem., Ex. 3, ECF 32-3.[1] Defendant argues that the amount requested is unreasonable because the hours sought exceed the upper limit of what district court judges typically find to be reasonable, because Plaintiff's counsel has represented him for many years and her familiarity with the case means she did not need to spend as much time as she did, and because Plaintiff should have raised the issue with the Appeals Council and instead, increased the number of hours by choosing "the more expensive litigation path." Def.'s Resp. 7.

Federal courts assess the reasonableness of fee requests, including EAJA requests in social security cases, using the "lodestar" method. *Costa v. Comm'r*, 690 F.3d 1132, 1135 (9th Cir. 2012). "To calculate the lodestar amount, the court multiplies 'the number of hours reasonably expended on the litigation . . . by a reasonable hourly rate.'" *Id.* (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). The court then may adjust the lodestar upward or downward based on "a host of reasonableness factors, including the quality of representation, the

---

[1] In the initial motion, Plaintiff sought $11,188.19. ECF 29. The higher amount currently requested includes additional time spent on the EAJA Fee Reply Memorandum.

benefit obtained . . . , the complexity and novelty of the issues presented, and the risk of nonpayment." *Stetson v. Grissom*, 821 F.3d 1157, 1166-67 (9th Cir. 2016) (internal quotation marks omitted). Counsel for the prevailing party is expected to "exercise 'billing judgment' to 'exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary' as a lawyer in private practice would do." *Costa*, 690 F.3d at 1135 (quoting *Hensley*, 461 U.S. at 434).

In a social security case, the determination of how much time an attorney can reasonably spend on a case "will always depend on case-specific factors including, among others, the complexity of the legal issues, the procedural history, the size of the record, and when counsel was retained." *Id.* at 1136. Because "lawyers are not likely to spend unnecessary time on contingency fee cases" due to the uncertainty of payment, "courts should generally defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case." *Id.* (internal quotation marks omitted).

Taking Defendant's last objection first, Defendant is mistaken that Plaintiff did not raise the due process issue at the Appeals Council. *See* Pl.'s Reply, Ex. 1, ECF 32-1 (Appeals Council Brief). Thus, the record does not support Defendant's position that Plaintiff took the more expensive litigation path without first availing himself of administrative review.

Next, Defendant's argument based on Plaintiff's long-standing relationship with counsel does not justify a reduction in the hours requested. The record shows that from the time Plaintiff first applied for benefits in 2011, it took two years to get to his first hearing. There, the ALJ determined a consultative examination was required, and another hearing was set for seven months later in October 2013. Plaintiff failed to appear and another hearing was set for January

7 - OPINION & ORDER

2014. After receiving the ALJ's unfavorable decision, Plaintiff promptly requested relief from the Appeals Council and filed a brief shortly thereafter. Tr. 20. It took the Appeals Council almost two years to deny the claim. Tr. 1.

Given the long delay between the hearing and writing of the Appeals Council brief in January 2014 and the filing of Plaintiff's opening brief in this Court in the spring of 2016, it was not unreasonable for Plaintiff's counsel to spend additional time re-familiarizing herself with the administrative record which is 699 pages and includes over 250 pages of medical records. The issues raised were numerous and challenged alleged errors in the ALJ's handling of medical opinions, psychological opinions, and lay witness opinion. Plaintiff also raised credibility determination concerns. While these issues are frequently raised in social security appeals, they require attention nonetheless and they are always particular to each claimant. Moreover, Plaintiff also spent time discussing the due process argument and citing to cases on that issue. Overall, I do not find the approximately 38 hours counsel spent on drafting the opening brief to be unreasonable. And, given that Defendant's response brief was 31 pages long and comprehensively addressed all of the arguments Plaintiff raised, it was not unreasonable for Plaintiff's counsel to spend another 12 hour on the reply brief.

Finally, as Defendant knows, in *Costa*, the Ninth Circuit disapproved of the conclusion reached by many district courts that the total number of attorney hours reasonably expended on a social security case is between twenty and forty. *Costa*, 690 F.3d at 1136 ("We conclude that it is also an abuse of discretion to apply a de facto policy limiting social security claimants to twenty to forty hours of attorney time in 'routine' cases"). The *Costa* court specifically addressed the District of Oregon's "perceived . . . informal district-wide rule that forty hours is the upper

limit for the number of hours a lawyer can reasonably spend on a social security disability appeal that does not present particular difficulty." *Id.* at 1137. The court rejected reliance on that rule, holding that a district court abuses its discretion by "ma[king] cuts to the requested hours with an eye toward getting the number of hours down to forty rather than based on the number of hours that was reasonable for the legal services" in a particular case. *Id.*

Defendant acknowledges that under *Costa*, the court cannot simply reject a social security claimant's request for attorney fees in excess of forty hours. But, Defendant argues that the court may consider the number of hours over forty along with other reasons supporting a substantial reduction. As explained above, however, the "other reasons" put forth by Defendant do not justify a reduction. Here, the delay by the Appeals Council caused counsel to spend more time reviewing the record. Counsel represents that her client was highly dysfunctional as seen by the fact that he missed a hearing and had limited treatment. The briefing addressed several issues at the outset and responded to Defendant's vigorous opposition to Plaintiff's arguments. The approximately 61 total number of hours, including those spent on the EAJA fee motion and briefing, is not unreasonable.

## CONCLUSION

Plaintiff's motion for EAJA fees [29] is granted. Plaintiff is awarded $12,338.39 in fees.

IT IS SO ORDERED.

Dated this 15 day of Feb, 2017

Marco A. Hernandez
United States District Judge

9 - OPINION & ORDER